**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-1734**

---

ROGER BARBER; EDDIE SIMMONS, JR.,

Plaintiffs – Appellants,

and

ERIC GODFREY; RYAN YOUNG, for themselves and on behalf of all others similarly situated,

Plaintiffs,

v.

JTEKT AUTOMOTIVE VIRGINIA, INC.; JTEKT NORTH AMERICA, INC.,

Defendants - Appellees.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, Chief District Judge. (7:09-cv-00441-GEC)

---

Submitted: February 28, 2013          Decided: March 11, 2013

---

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Terry N. Grimes, TERRY N. GRIMES, P.C., Roanoke, Virginia, for Appellants. Thomas M. Winn, III, Victor O. Cardwell, Frank K. Friedman, Frank H. Hupfl, WOODS ROGERS PLC, Roanoke, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a trial, a federal jury found for the Appellees on the Appellants' discrimination claims, and the district court entered judgment in accordance with the verdict. The Appellants argue on appeal that the district court erred in allowing the Appellees to use one of their peremptory strikes to strike the only African-American juror from the venire and in admitting evidence containing hearsay at trial. For the reasons that follow, we affirm.

The Appellants first challenge the district court's rejection of their challenge to the Appellees' use of one of their peremptory strikes to strike the only African-American juror from the venire. Before the district court, the Appellees stated that they had struck the juror because he was the only member of the venire without an education above grade school and the district court found this to be a legitimate, race-neutral explanation for use of the strike.

The Equal Protection Clause prevents racial discrimination in the exercise of peremptory strikes at a civil jury trial. See Edmonson v. Leesville Concrete Co., 500 U.S. 614, 618-28 (1991); see also Batson v. Kentucky, 476 U.S. 79 (1986). When a party makes a Batson challenge, that party must first establish a prima facie case that the strike was made on the basis of race; the burden then shifts to the striking party

to provide a non-discriminatory reason for the use of the strike; the challenging party must then show that the proffered reasons are pretextual and that the other party engaged in intentional discrimination. United States v. Dinkins, 691 F.3d 358, 380 (4th Cir. 2012) (citations omitted), petition for cert. filed (U.S. Dec. 21, 2012) (No. 12-7923). Further, "[w]e accord great deference to the district court's finding as to whether a peremptory challenge was exercised for a prohibited, discriminatory reason; we review that finding for clear error." United States v. Green, 599 F.3d 360, 377 (4th Cir. 2010). This is so because the "outcome of a typical Batson challenge turns largely on an evaluation of credibility and whether counsel's race-neutral explanation for a particular challenge is believed," a determination that the "district court is especially well suited to make." Dinkins, 691 F.3d at 379. Applying these standards and having thoroughly reviewed the record, we conclude that the district court did not commit clear error in accepting the Appellees' reason for striking the juror.

The Appellants next argue that the court erred in admitting in evidence an email that contained hearsay statements by a non-testifying witness. "We review a trial court's rulings on the admissibility of evidence for abuse of discretion, and we will only overturn an evidentiary ruling that is arbitrary and irrational." United States v. Cole, 631 F.3d 146, 153 (4th Cir.

4

2011) (internal quotation marks omitted). We will not "set aside or reverse a judgment on the grounds that evidence was erroneously admitted unless justice so requires or a party's substantial rights are affected." Creekmore v. Maryview Hosp., 662 F.3d 686, 693 (4th Cir. 2011) (citing Fed. R. Civ. P. 61). After reviewing the record, we conclude that the court did not commit reversible error in admitting the evidence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED